# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 26, 1913.

CHAS. O. KNIGHT, ET AL.,
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*Albert S. J. Owens, Jas. A. Latane* for plaintiffs.

*S. S. Field* for defendants.

DUFFY, J. (Orally)—

I have given this case quite a great deal of attention as we have been going along with it; I have listened attentively to the evidence and I am reasonably well familiar with it. I am not able to see that I have any right to set the award of that contract aside. The Board of Awards came here as witnesses. They testified they heard the testimony that was before them in the investigation; they formed a conclusion upon that testimony. Some of them testified that they acted also because they knew that Mr. Robertson was largely interested in the Elder Company and that Mr. Robertson had been turned down by the former city administration.

But each one of the members of the Board gave a reason for their action, and I must say that I think the reason

given by each one of them was a sensible reason. Now, it is not necessary for me to pass upon whether I, under similar circumstances, would have found as each one of those gentlemen did. Here is the court called upon to set aside a judicial finding of this Board. I am asked to put myself in the place of each of those gentlemen as he voted on the case as it was before him, and I am asked to say that the action of each of those gentlemen on the occasion on which he voted was either arbitrary or it was fraudulent, truly or constructively fraudulent. There is no evidence in this case that would justify me in finding any such thing. It is not necessary for me to determine whether I would have found as the board did or not. It is enough for me to find that as reasonable men they were justified in finding what they did on the facts that were before them. They are not judicial officers; their ordinary vocations are not judicial. The Mayor has general supervision of all the City's affairs and if he became cognizant of facts with regard to the Elder Paving Company, with regard to the administration of the City Engineer's office and with regard to relations between the Elder Paving Company and the City Engineer's office, which caused him to form an opinion which he could not remove from his mind when he sat on that Board of Awards that is the fault of the statute which makes the Board of Awards the arbiter in the matter. By the Statute that Board, constituted as it is, is made the arbiter of the question as to whether or not a bidder is the lowest responsible bidder and all those things must be taken into consideration. Of course, if it is not properly constituted the law can be changed by the next legislature, or any subsequent legislature. But as long as it is the law that that Board, constituted as it is, shall pass on that question it would never do in the world for a court to review and set aside the findings of such a board, constituted as it, upon such a question, unless there is plain, and, I may say, strong evidence that the finding of the board was without any reason whatever, or that it was really fraudulent, and as I say, there is no evidence before me which, in my judgment, would justify me in finding either one or the other.

It is not necessary for me to find whether or not Mr. McCay was implicated in this clandestine raising of the voucher. Even if he was, though I do not find it, there is no evidence in this case to indicate, or to cause me to suspect, that a single member of the Board of Awards had any knowledge of what was going on in the City Engineer's office, and, surely, if the Board of Awards had no actual knowledge of that, I can not see how they can be constructively charged with knowledge of the actions of the subordinate in the City Engineer's office. I shall, therefore, have to pass a decree dismissing the bill.